**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

NAREF JARDAT,

        Petitioner,

v.                                                      Action No.  2:25cv765

PAUL PERRY,
Caroline Detention Facility, and

LIANA CASTANO,
ICE Washington Field Office,

        Respondents.

**<u>UNITED STATES MAGISTRATE JUDGE'S</u>**
**<u>REPORT AND RECOMMENDATION</u>**

This matter is before the Court on the *pro se* 28 U.S.C. § 2241 petition filed by petitioner Naref Jardat ("Jardat"), previously a detainee of United States Immigration and Customs Enforcement ("ICE"), and respondents' motion to dismiss the petition. ECF Nos. 1, 9. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia. ECF No. 4.

Jardat signed the petition seeking release from immigration detention and placed it in the prison mailing system while he was detained at the Caroline Detention Facility in Bowling Green, Virginia. ECF No. 1. ICE removed Jardat from the United States after Jardat signed his petition, but before it was filed in this Court. ECF No. 1, at 9; ECF No. 10-1, ¶ 13. For the reasons discussed below, it is hereby **RECOMMENDED** that respondents' motion to dismiss, ECF No. 9, be **GRANTED,** and the petition for a writ of habeas corpus, ECF No. 1, be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## I.    STATEMENT OF THE CASE

Jardat is a native and citizen of Israel and the Palestinian Territories who was admitted to the United States with a B-2 visitor visa.  ECF No. 10-1, ¶¶ 5–6.  On May 16, 2024, Jardat was convicted in the General District Court for the City of Fredericksburg of assault and battery and obstruction of free passage and was sentenced to 11 months incarceration with 5 months suspended.  *Id.* ¶ 7; *Commonwealth v. Jardat*, No. GC24001866-00, GC24001867-00 (Va. Gen. Dist. Ct. May 16, 2024).

ICE took Jardat into civil immigration custody on September 9, 2024.  ECF No. 1, at 2; ECF No. 10-1, ¶ 8.  On November 11, 2024, an immigration judge found Jardat, who appeared virtually with counsel, removable under 8 U.S.C. § 1227(a)(1)(B) as an alien who after admission as a nonimmigrant remained in the United States for a time longer than permitted.  ECF No. 10-1, ¶¶ 8–9.

On April 3, 2025, the immigration judge denied Jardat's Form I-589 (application for asylum and withholding of removal) and ordered Jardat removed to Israel or the Palestinian Territories.  *Id.* ¶ 12.  Jardat did not appeal the decision and the decision became final on May 3, 2025.  *Id.*; ECF No. 1, at 2.

On November 4, 2025, Jardat signed a petition pursuant to 28 U.S.C. § 2241 seeking release from ICE custody and placed it in the prison mailing system.  ECF No. 1, at 9.  At the time he signed his petition, Jardat was in custody at the Caroline Detention Facility in Bowling Green, Virginia.  *Id.* at 1.  On November 23, 2025, Jardat was removed from the United States to Israel with passage to the Palestinian Territories.  ECF No. 10-1, ¶ 13.  Jardat's petition was filed in this Court on November 24, 2025.  ECF No. 1.

2

## II.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court lacks jurisdiction over Jardat's petition because there is no longer a live case or controversy.  U.S. Const. art. III, § 2.  "Article III of the Constitution grants this Court authority to adjudicate legal disputes only in the context of 'Cases' or 'Controversies.'"  *Camreta v. Greene*, 563 U.S. 692, 701 (2011).  For a case to be "fit for federal-court adjudication," the parties must demonstrate a "personal stake" in the proceedings by satisfying three conditions:  "an injury in fact . . . caused by the 'conduct complained of,' and that 'will be redressed by a favorable decision.'"  *Id.*

This live case, or redressable dispute, must persist throughout all stages of the litigation in order for a federal court to maintain jurisdiction.  *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'").  If at any point a litigant fails to meet any of the three criteria for standing, then there is no case or controversy, and the issue becomes moot.  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013).

Jardat's petition is moot.  Jardat challenges the legality of his detention pending removal, not the legality of his removal order.  ECF No. 1.  His only request for relief was that he be released.  *Id.* at 8.  Jardat has been deported, and is no longer in custody.  There is, therefore, no injury caused by respondents that can be redressed by this Court, and the case is no longer justiciable under Article III.  *Pankov v. ICE/DHS*, No. 2:20cv626, 2021 WL 4076692, at *2 (E.D. Va. June 22, 2021), *report & recommendation adopted*, 2021 WL 4072650 (E.D. Va. Sept. 7, 2021) (holding petitioner's section 2241 petition seeking release from detention and cancellation of his removal order was moot where petitioner was removed to his home country after filing the

3

petition); *Aguilar-Amaya v. Barr*, No. 2:20cv497, 2021 WL 1705627, at \*2 (E.D. Va. Mar. 9, 2021), *report & recommendation adopted*, 2021 WL 1700772 (E.D. Va. Apr. 29, 2021) (finding removal rendered habeas petition seeking release from detention pending removal moot); *Castillo-Fornaris v. Crawford*, No. 3:19cv862, 2020 WL 4227701, at \*2 (E.D. Va. July 23, 2020) (finding release from ICE custody moots a habeas challenge to ongoing detention). Because Jardat is no longer in ICE custody, his section 2241 petition seeking release from detention does not present a case or controversy that this Court can address and this Court lacks jurisdiction to address the merits of Jardat's petition.

## III.    RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 9, be **GRANTED** and the petition, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## IV.    REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.    Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of

the Federal Rules of Civil Procedure).

2.      A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).


_____
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
March 6, 2026

## Clerk's Mailing Certificate

The Clerk's office will forward a copy of this order to counsel of record for respondent.

A copy of this Order shall also be mailed this date to:


Naref Jardat
A 243 048 050
Caroline Detention Facility
11093 SW Lewis Memorial Dr
Bowling Green, VA 22427


Fernando Galindo, Clerk


By ___/s/ J. L. Meyers___
Deputy Clerk


March __6__, 2026

6